IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOMMY PEARSON, | : CIVIL ACTION NO. |
| Gwinnett Cnty. ID # 99536099, | : 1:16-CV-02615-TWT-JCF |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| SUPER. CT. OF DOUGLAS CNTY., | : PRISONER CIVIL ACTION |
| STATE OF GEORGIA, | : 42 U.S.C. § 1983 |
| DA McDAY, | : |
|     Defendants. | : |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, confined at the Gwinnett County Detention Center in Lawrenceville, Georgia, has received leave to proceed *in forma pauperis* in this action, which is now ready for an initial screening.

**I.   The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine

whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II. Discussion

The Statement of Claim section of Plaintiff's complaint reads as follows:

On 4/25/2007 the Georgia Supreme Court overturned all 3 convictions in trial court in 2002.  I filed my first motion to withdrawal all 3 guilty pleas in the motion that Chief Judge Robert James had said in his order.

> Thomas Pearson [Plaintiff], typed and written motion to withdrawal my guilty plea. These motions were done by the Clerk of Court. It clearly shows Pearson never typed or typed or written a motion to withdraw the guilty plea. Chief Judge Robert James denied me the right to withdraw my guilty plea in 2000.

(Doc. 1 at 3-4). Plaintiff asks this Court to "expunge said conviction from [his] record . . . in Douglas County." (*Id.* at 4).

It appears that Plaintiff has sued only Paul McDay in this action. (*See id.* at 3). To the extent that he also seeks to sue the Superior Court of Douglas County or the State of Georgia, he may not do so. *See, e.g., Brooks v. Georgia*, No. 1:14-CV-86 (WLS), 2014 U.S. Dist. LEXIS 85465, at \*6 (M.D. Ga. June 24, 2014) ("Nor has Plaintiff asserted a colorable section 1983 claim against . . . the Tifton Judicial Circuit Court, District Attorney's Office, or Public Defender's Office. Plaintiff alleges only actions or omissions of personnel in [those offices], and there is no *respondeat superior* or vicarious liability under section 1983. [And] these Defendants would not appear to be [amenable to suit], or would appear to have sovereign immunity, in a section 1983 action."); *see also Harris v. Superior Court of Decatur County*, No. 1:14-CV-46 (WLS), 2014 U.S. Dist. LEXIS 38086, at \*5 (M.D. Ga. Mar. 24, 2014) ("Plaintiff's only named Defendant, the Superior Court of Decatur County, is not a 'person' subject to suit under section 1983. It is neither a natural person, an artificial

3

person, nor a quasi-artificial person subject to such suit." (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989))); *Salim v. Georgia*, No. 4:08-CV-142 (CDL), 2008 WL 5456003, at *3 (M.D. Ga. Dec. 31, 2008) ("Defendants State of Georgia, Muscogee County Jail, Muscogee County Superior Court and Muscogee County Sheriff's Department are not 'persons' within the meaning of 42 U.S.C. § 1983.").[1]

And, in any case, the relief that Plaintiff seeks here — an order directing a state official to expunge one or more convictions from his state court criminal record — is in effect mandamus relief against a state official, which this Court lacks the power to grant. *See Critten v. Yates*, 10-10146, 2010 U.S. App. LEXIS 12383, at *6 (11th Cir. June 16, 2010) ("agree[ing] with the district court that it did not have the power to grant" plaintiff's "request that [it] compel the [state] superior court clerk to provide him with a copy of his state court indictment"; citing 28 U.S.C. § 1361, which "limit[s]

---

[1]There appears to be no controlling caselaw in this Circuit on the issue of whether a Georgia superior court may be sued in federal district court, but in general collective entities may not be. *See Lovelace v. DeKalb Cent. Prob.*, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (noting that Georgia "recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue" (internal quotations omitted), and concluding that under Georgia law concerning who may sue or be sued, which controls in federal court under FED. R. CIV. P. 17(b), a police department "is not a legal entity subject to suit under § 1983").

4

a district court's mandamus jurisdiction to compelling 'an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff' "; and also citing *Lamar v. 118th Judicial Dist. Ct.*, 440 F.2d 383, 384 (5th Cir. 1971), in which the former Fifth Circuit "conclud[ed] that federal courts have no general power to issue writs of mandamus to compel state judicial officers to perform their duties"); *see id* at *6 n.4 ("Decisions of the former Fifth Circuit handed down on or before September 30, 1981 are binding precedent in the Eleventh Circuit." (citing *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*)))).

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED** because Plaintiff has failed to state a plausible claim for relief.  *See* 28 U.S.C. § 1915A; *Iqbal*, 556 U.S. at 678-79.  And he could not do so even if the Court were to give him an opportunity to amend his complaint regarding the sole matter he has raised.  *See Porter v. Governor of Fla.*, 16-10051, 2016 U.S. App. LEXIS 13708, at *2 (11th Cir. July 28, 2016) ("Although a *pro se* litigant generally should be permitted to amend a complaint, a district court need not allow amendment when it would be futile, meaning that the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 7th day of September, 2016.

                                        /s/ *J. CLAY FULLER*
                                        J. CLAY FULLER
                                        United States Magistrate Judge